66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John H. DALTON, Secretary of the Navy, Appellant,
v.
MURDOCK MACHINE & ENGINEERING COMPANY OF UTAH, Appellee.
 No. 95-1121.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Secretary of the Navy appeals from the August 25, 1994 decision of the Armed Services Board of Contract Appeals denying the United States any interest on certain V-Loan notes held by it on which Murdock Machine and Engineering Company of Utah is the promisor. We vacate the appealed decision and remand the case for final satisfaction of Murdock's claim against the United States resulting from the Navy's termination for convenience of Murdock's ASROC launcher contract.
 
 
 2
 * This case is before us for the third time. In Murdock Machine & Engineering Co. v. Dalton, 873 F.2d 1410 (Fed.Cir.1989), we held that Murdock was entitled to seek compensation for the Navy's termination of the ASROC contract. We remanded the case for determination of quantum under the contract's termination for convenience clause. 873 F.2d at 1413. On remand, the Board determined that the Navy was entitled to set off against the sum owed to Murdock only a part of the V-Loan, on the theory that the principal of the V-Loan could be apportioned in a pro rata fashion, some to the ASROC contract and some to other defense contracts held by Murdock.
 
 
 3
 On the Navy's appeal, we held that the Board's theory of apportionment was incorrect and that the Navy's offset rights could not be so limited. We remanded the case again for determination of quantum. Dalton v. Murdock Mach. & Eng'g Co., No. 93-1440, slip op. at 5, (Fed.Cir. Feb. 22, 1994). On the second remand, the Board limited the Navy's offset to the $952,000 principal amount of the V-Loan, denying the Navy any interest on the principal amount. The Navy appeals, claiming entitlement to interest and offering a formula for calculation of that interest which would leave Murdock owing the Navy money. Murdock counters that the Board was correct in denying the Navy any interest.
 
 II
 
 4
 The amount of interest, if any, due to the Navy was not an issue before this court in the earlier appeals. The arguments made by Murdock to deny all interest to the Navy are unpersuasive. The Navy is entitled to some interest on the principal of the V-Loan, and the Board thus erred in denying all interest. Equally unpersuasive, however, is the Navy's method of calculation of interest. The parties agree that this court is empowered to determine the method of calculation of interest due on the V-Loan and to specify the manner in which to factor the correct amount of interest into the quantum award due to Murdock. In Part III below we set forth the calculation of interest due to the Navy and the quantum determination formula.
 
 III
 
 5
 Interest is due to the Navy and the formula for determining the quantum due to Murdock are as follows:
 
 
 6
 Interest Due to Navy on V-Loan
V-Loan Principal Balance $952,000
Interest Rate (from promissory notes) 2% above CSB prime rate (as stated in
 the notes), but no more than 13.5% or
 less than 10.5%, as specified in
 Section 1(c) of the V-Loan Guarantee
 Agreement.
Interest Period (5/29/75-10/14/81) 6.375 years
V-Loan Interest Due to Navy = X
(V-Loan Principal) x (Interest Rate) (Amount to be calculated on remand)
 x
(Interest Period)
 Quantum Determination
Total Costs of Performance $12,770,680
 Less Contract Payments ($8,790,800)
Termination Costs due to Murdock, subject to V-Loan $3,979,880
 offset
 Less V-Loan Principal ($952,000)
 Less V-Loan Interest (X)
Net Contract Settlement to Murdock $3,027,880 minus X
Plus CDA Interest pursuant to 41 U.S.C. Sec. 611, from Amount to be calculated
 10/14/81 on remand
 
 
 7
 On remand the Board will determine the amount of V-Loan Interest due to the Navy (X, above), the Net Contract Settlement award to Murdock, and the amount of CDA Interest that is due to Murdock, and the Board will enter an order awarding Murdock the total amount due to it.
 
 
 8
 The decision of the Board is thus vacated and the case is remanded for final action as directed herein.
 
 
 9
 Costs to Murdock.